IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

UNITED STATES OF AMERICA

v.

ROLAND KYZER,

     Defendant.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Case No. 3:17-CR-358 (TJM)

GOVERNMENT'S SENTENCING MEMORANDUM

  The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, hereby files its sentencing memorandum requesting, for the reasons set forth below, that the Court impose a maximum Guidelines sentence of imprisonment (405 months), and lifetime supervised release. The Government further moves that this sentence be run consecutively to a 5-year term of incarceration for Kyzer's violation of supervised release, also pending before this Court.

## INTRODUCTION

  On February 23, 2018, defendant Roland Kyzer was found guilty by a jury of both counts of a 2-count Indictment, charging him with receipt and possession of child pornography, in violation of Title 18, United States Code, Sections 2252A(a)(2)(A) and (a)(5)(B).

  Kyzer is scheduled to be sentenced by this Court on August 22, 2018.

## APPLICABLE STATUTORY AND GUIDELINES PROVISIONS

**1.**  **Statutory Maximum and Minimum Sentences**

  The defendant's conviction on Count 1 of the Indictment subjects him to a mandatory

minimum of 15 years, and a maximum sentence of 40 years imprisonment. 18 U.S.C. § 2252A(b)(1); PSR ¶ 78. His conviction on Count 2 carries a mandatory minimum of 10 years, and a maximum term of 20 years. 18 U.S.C. § 2252A(b)(2); PSR ¶ 78.

In addition, each count of conviction carries with it a mandatory term of supervised release of at least 5 years, and up to life, 18 U.S.C. § 3583(k), PSR ¶ 83, and a fine of up to $250,000. 18 U.S.C. § 3571; PSR ¶ 88.[1]

**2.    Guidelines Provisions**

   **a.    Offense Level**

The Government agrees with the Guidelines computations of the Probation Officer, and that the defendant's Total Offense Level is 38. PSR ¶¶ 23 – 38.

   **b.    Acceptance of Responsibility**

The defendant took his case to trial, and has not demonstrated acceptance of responsibility for his actions. Accordingly, there is no adjustment under U.S.S.G. § 3E1.1. PSR ¶ 22; 37.

   **c.    Criminal History Category**

According to the presentence report, the defendant's criminal history category is IV. PSR ¶ 47. The Government agrees with the Probation Officer's determination of the defendant's criminal history category.

   **d.    Guidelines Range and Sentence**

As described above, the defendant's total offense level is 38 and his criminal history

---

[1] The Government agrees with the assessment of the Probation Officer that the defendant does not have the ability to pay a fine or to pay the additional special assessment provided for in 18 U.S.C. § 3014. PSR ¶¶ 76-77.

category is IV. As a result, the Sentencing Guidelines advise that the defendant receive a sentence of 324 – 405 months. PSR ¶ 79. For all of the reasons set forth below, the Government maintains that a maximum Guidelines sentence of 405 months, and lifetime supervised release, is fair, just, and warranted.

**3.    Forfeiture**

As set forth in the Forfeiture Allegation of the Indictment, the defendant shall forfeit to the United States all of his right, title and interest of any nature in any and all assets that are subject to forfeiture, pursuant to 18 U.S.C. § 2253. That forfeiture includes all of the items listed in the Indictment, and in ¶ 2 of the PSR.

**4.    Restitution**

Restitution to the defendant's victims is mandatory, and the Court may not decline to award restitution because of the defendant's economic circumstances or the fact that the victims have, or are entitled to, receive compensation for their injuries from the proceeds of insurance or any other source. 18 U.S.C. § § 2259(b)(3) and (c). The defendant is responsible for restitution in "an amount that comports with the defendant's relative role in the causal process that underlies the victims' general losses," which shall be calculated by the Court to be a "reasonable and circumscribed award imposed in recognition of the indisputable role of the [defendant] in the causal process underlying the victim[s'] losses and suited to the relative size of that causal role." *Paroline v. United States*, __U.S.__, 134. S.Ct. 1710, 1727 (2014).

There has been a restitution request from one of the victims of the defendant's offenses. PSR¶ 20, and Appendix A. The parties are working together to determine whether there is an amount of restitution that can be agreed upon to satisfy the restitution claim. Should negotiations

fail, the parties will brief the issue of restitution and what amounts should be awarded to the victim as a result of Kyzer's crimes.

## GOVERNMENT'S SENTENCING RECOMMENDATION[2]

A sentence should be reasonably designed to achieve the total punishment, taking into account the nature and seriousness of the defendant's crimes, the harm done to the victims, and each of the relevant considerations required under 18 U.S.C. § 3553(a). For the reasons set forth below, the Government maintains that for Roland Kyzer, that sentence is 405 months imprisonment, and lifetime supervised release.

Kyzer is a repeat and dangerous sex offender, with a life-long history of crimes against children. Based upon disclosures from Kyzer himself, we know that (1) he performed oral sex on a 5 year old girl when he was 12 (in or about 1981); (2) he fondled a 13 year old girl when he was 17 (in or about 1986); and (3) between the ages of 29 and 32 (1998 – 2001) he sexually abused a 5 year old boy - both orally, and by anal penetration, fondled a 13 year old girl, had sexual intercourse with a 16 year old girl, provided pornography to a 12 year old boy, touched the penis of a 14 year old boy, and fondled the breast of a 13 year old girl. PSR ¶ 66.[3] *In addition*, based

---

[2] The Government reserves the right to respond to defense arguments. Similarly, if the Court is considering a *sua sponte* departure from the applicable sentencing guidelines range on a ground not previously identified by the parties or in the Presentence Investigation Report, the parties are entitled to notice and an opportunity to respond. *See* Fed R. Crim. P. 32(i)(1)(c), 32 (h).

Further, the United States respectfully requests that the Court provide the parties with any *ex parte* communications received by the Court in connection with sentencing, with the exception of the confidential sentencing recommendations submitted by the United States Probation Office.

[3] He also performed oral sex on a same-age cousin when he was 7 years old (in or about 1976). PSR ¶ 66.

upon disclosures by the children, and admissions by Kyzer, we know that he also sexually abused at least five additional children between approximately 1995 and 2001. The acts admitted to by Kyzer included oral sex, digital penetration, and multiple instances of fondling. PSR ¶¶ 44, 64, 66. However, acts disclosed by the children included bondage and anal penetration, as well as allegations that Kyzer took pictures of the abuse and showed pornography to the children. PSR ¶ 44.

At the same time, Kyzer was searching out child pornography on the Internet; a habit he admits fueled his appetite for sex with the children. PSR ¶ 44 ("He explained he was sexually aroused before he initiated contact because he had seen similar conduct on one of the pornography sites he had viewed on the Internet. He acknowledged he had been viewing adult and child pornography prior to sexually abusing Child D.").

Kyzer's crimes against children were brought to a temporary halt in 2001 only by his arrests, both state and federal, for the sexual abuse of a three year old (for which he was sentenced to 7 years in state prison), and for receiving child pornography (resulting in a concurrent 9 year sentence in federal prison). PSR ¶¶ 43-44.

Kyzer remained incarcerated from 2001 to 2011. PSR ¶ 10. He was released on November 2, 2011, and participated in weekly sex offender treatment from February 2012 to March 2014. PSR ¶¶ 10, 64. His treatment was terminated after he was found to be deceptive in answering questions on a voice stress analyzer, and was re-incarcerated in April of 2014 for accessing a computer and viewing pornography in violation of his supervised release. PSR ¶¶ 65, 10. Following release from a six-month sentence for this violation of supervised release, Kyzer was placed back in sex offender treatment, which he attended from December 2014 – November

2016 -- while continuing to offend. PSR ¶¶ 66, 13, 15, 17.

On November 15, 2016, Kyzer was once again arrested for violating his supervised release. This time, he admitted to probation officers that he (1) had been using an unauthorized computer to access the internet, (2) had had a 15-year-old girl in his room, (3) had been in the presence of other female minors on approximately 10 occasions, and (4) maintained a collection of child and adult pornography on electronic storage devices. PSR ¶ 64, 13. Forensic evidence showed that in addition to possessing over 25,000 images and videos of child pornography, Kyzer maintained a collection of over 1.1 *million* files of child erotica, and over 200 "child erotica stories," and that he had been committing child pornography offenses from the time of his initial release from incarceration in 2011, through the time of his arrest in November, 2016. PSR ¶¶ 14, 15, 17.

*While under the supervision of this Court, and in violation of clear conditions of that supervision*, Kyzer amassed and maintained an enormous collection of child pornography, child erotica, and child erotica stories – all triggers to hands on abuse – while at the same time putting himself in the company of minor children. His history of hands-on offenses against children, his history of child pornography offenses, his repeated failures at treatment opportunities, and his unwillingness to accept responsibility for his actions make it clear that nothing short of incarceration will deter this defendant from continuing to commit crimes – and more specifically, crimes against children. As his own history tells, only incarceration deters Roland Kyzer from committing offenses against children. He has been given more lenient sentences, he has been afforded treatment, and he has been afforded the resources of the United States Probation Office. He squandered all of these opportunities. To now impose anything less than the maximum sentence allowed would be to gamble with the lives and well-being of children. That is too high

a risk.

## CONCLUSION

The record reveals no mitigating factor at all, much less one that would support a deviation from the recommended Guideline sentence.  In fact, this case involves only aggravating factors that support the imposition of the maximum Guidelines sentence.  Such a sentence is reasonably designed to achieve the total punishment, and takes into account the nature and seriousness of the defendant's crimes, the harm done to his many child victims, and each of the relevant considerations required under 18 U.S.C. § 3553(a).  As such, the Government maintains that a sentence of 405 months, and lifetime supervised release, to be run consecutively to a 5-year sentence for violating his supervised release, is the only sentence that can ensure that this defendant does not re-offend.  Such a sentence is the outcome warranted by his crimes, is *not* greater than necessary, and both complies with and accomplishes the many goals of sentencing.  18 U.S.C. § 3553(a).

Respectfully submitted this 15th day of August, 2018,

GRANT C. JAQUITH
United States Attorney


/s/  *Lisa M. Fletcher*
Lisa M. Fletcher
Assistant United States Attorney
Bar Roll No. 510187

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF NEW YORK**

*******************************
UNITED STATES OF AMERICA

                                                   Case No.: 3:17-CR-358 (TJM)

    v.

ROLAND KYZER,

           Defendant.
*******************************

**CERTIFICATE OF SERVICE**

I hereby certify that on August 15, 2018 I filed the **Government's Sentencing Memorandum** with the Clerk of the District Court and sent copies of said documents via ECF to the following:

Courtenay McKeon, Esq.

/s/

Paula Briggs

**8**